IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-02150-REB-KLM

PAUL HEDIN,

    Plaintiff,

v.

AMEDISYS HOLDING, L.L.C., and
AMEDISYS WESTERN, L.L.C.,

    Defendants.

_____

# ORDER
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on Plaintiff's **Unopposed Motion to Stay Proceedings** [#16] (the "Motion"). Plaintiff asks the Court to stay this case in its entirety pending Plaintiff's exhaustion of his administrative remedies under ERISA. Plaintiff asserts that exhaustion of those remedies may either resolve the entire case or allow the claims to move forward on the merits.

Although the stay of proceedings in a case is generally disfavored, the Court has discretion to stay discovery while a dispositive issue is pending. *See Wason Ranch Corp. v. Hecla Mining Co.*, No. 07-cv-00267-EWN-MEH, 2007 WL 1655362, at *1 (D. Colo. June 6, 2007) ("A stay of all discovery is generally disfavored in this District." (citation omitted)); *String Cheese Incident, LLC v. Stylus Shows, Inc.*, No. 1:02-cv-01934-LTB-PAC, 2006 WL 894955, at *2 (D. Colo. Mar. 30, 2006) (finding that a thirty day stay of discovery was appropriate when a motion to dismiss for lack of personal jurisdiction was pending);

*Nankivil v. Lockheed Martin Corp.*, 216 F.R.D. 689, 692 (M.D. Fla. 2003) (A stay may be appropriate if "resolution of a preliminary motion may dispose of the entire action."); 8 Charles Alan Wright, et al., *Federal Practice and Procedure* § 2040, at 521-22 (2d ed. 1994) ("[W]hen one issue may be determinative of a case, the court has discretion to stay discovery on other issues until the critical issue has been decided."); *Vivid Techs., Inc. v. Am. Sci. & Eng'g, Inc.*, 200 F.3d 795, 804 (Fed. Cir. 1999) ("When a particular issue may be dispositive, the court may stay discovery concerning other issues until the critical issue is resolved."); *Gilbert v. Ferry*, 401 F.3d 411, 415-16 (6th Cir. 2005) (finding that ordering a stay of discovery is not an abuse of discretion when a defendant has filed a motion to dismiss challenging the court's actual subject matter jurisdiction); *Chavous v. D.C. Fin. Responsibility & Mgmt. Assistance Auth.*, 201 F.R.D. 1, 2 (D.D.C. 2005) ("A stay of discovery pending the determination of a dispositive motion is an eminently logical means to prevent wasting the time and effort of all concerned, and to make the most efficient use of judicial resources." (internal quotation omitted)).

When exercising its discretion, the Court considers the following factors: (1) the interest of the plaintiff in proceeding expeditiously with discovery and the potential prejudice to the plaintiff of a delay; (2) the burden on the defendants of proceeding with discovery; (3) the convenience to the Court of staying discovery; (4) the interests of nonparties in either staying or proceeding with discovery; and (5) the public interest in either staying or proceeding with discovery. *String Cheese Incident*, 2006 WL 894955, at *2 (citing *FDIC v. Renda*, No. 85-2216-O, 1987 WL 348635, at *2 (D. Kan. Aug. 6, 1987) (unreported decision)).

Regarding the first two factors, the Court finds that staying the case would neither

prejudice Plaintiff nor present an undue burden on Defendants as all have agreed to stay the case. The Court therefore finds that the first and second *String Cheese Incident* factors weigh in favor of staying this matter.

With regard to the third factor, it is certainly more convenient for the Court to stay this matter until it is clear that the case will proceed. *See Chavous*, 201 F.R.D. at 5 (stating that staying discovery pending decision on a dispositive motion that would fully resolve the case "furthers the ends of economy and efficiency, since if [the motion] is granted, there will be no need for [further proceedings]."). Thus, the third *String Cheese Incident* factor weighs in favor of staying this matter.

With regard to the fourth factor, there are no nonparties with significant particularized interests in this case. Accordingly, the fourth *String Cheese Incident* factor neither weighs in favor nor against staying this matter.

With regard to the fifth and final factor, the Court finds that the public's only interest in this case is a general interest in its efficient and just resolution. Avoiding wasteful efforts by the Court clearly serves this interest. Thus, the fifth *String Cheese Incident* factor weighs in favor of staying this matter.

Weighing the relevant factors, the Court concludes that staying this matter is appropriate. Plaintiff seeks a maximum of a sixty-day stay but will inform the Court if a decision is made by the plan administrator before that time expires. Accordingly,

IT IS HEREBY **ORDERED** that the Motion [#16] is **GRANTED**. This matter is **STAYED** for a maximum of sixty days, through **January 17, 2014**.

IT IS FURTHER **ORDERED** that Plaintiff shall file a Motion to Lift Stay within seven

days of the plan administrator issuing a decision on this matter.

IT IS FURTHER **ORDERED** that the Scheduling Conference set for December 12, 2013 at 10:00 a.m. is **VACATED** and **RESET** to **February 18, 2014 at 10:30 a.m.** in Courtroom C-204 of the Byron G. Rogers United States Courthouse, 1929 Stout Street, Denver, Colorado.

IT IS FURTHER **ORDERED** that the parties shall submit their proposed scheduling order pursuant to the District of Colorado Electronic Case Filing ("ECF") Procedures. The parties shall submit the proposed scheduling order no later than **February 11, 2014**.

Dated: November 19, 2013

BY THE COURT:

Kristen L. Mix
United States Magistrate Judge