IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-02150-REB-KLM

PAUL HEDIN,

    Plaintiff,

v.

AMEDISYS HOLDING, L.L.C., and
AMEDISYS WESTERN, L.L.C.,

    Defendants.
_____

## MINUTE ORDER
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

    This matter is before the Court on Plaintiff's opposed **Motion to Allow Certain Discovery Pending Resolution of Defendants' Motion to Dismiss Amended Complaint** [#49] (the "Motion for Discovery") and on Plaintiff's **Unopposed Motion to Extend Deadlines Pending Resolution of Defendants' Motion to Dismiss Amended Complaint** [#50] (the "Motion for Extension").

    IT IS HEREBY **ORDERED** that the Motion for Discovery [#49] is **DENIED**. Normally, when considering a motion to dismiss, the Court must disregard facts supported by documents other than the complaint unless the Court first converts the motion to dismiss into a motion for summary judgment. *Jackson v. Integra Inc.*, 952 F.2d 1260, 1261 (10th Cir. 1991). However, a Court may consider documents outside of the complaint on a motion to dismiss in three instances. First, the Court may consider outside documents pertinent to ruling on a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1). *Pringle v. United States*, 208 F.3d 1220, 1222 (10th Cir. 2000). Second, the Court may consider outside documents subject to judicial notice, including court documents and matters of public record. *Tal v. Hogan*, 453 F.3d 1244, 1265 n.24 (10th Cir. 2006). Third, the Court may consider outside documents that are both central to the plaintiff's claims and to which the plaintiff refers in his complaint. *GFF Corp. v. Associated Wholesale Grocers*, 130 F.3d 1381, 1384 (10th Cir. 1997). However, it is far from clear from the Motion for Discovery [#49] or from the Motion to Dismiss [#42] that the Court would be permitted to consider any outside documents in resolving the Motion to Dismiss [#42].

    IT IS FURTHER **ORDERED** that the Motion for Extension [#50] is **DENIED**. Plaintiff

seeks "[t]he allowance of an extension of deadlines to provide expert disclosures of at least 30 days following the determination of Defendants' Motion to Dismiss." However, given the tight case management deadlines set in advance of the Jury Trial beginning on January 26, 2015, large or open-ended extensions of deadlines are inappropriate.

Dated: July 30, 2014